PER CURIAM.
By the appropriate provisions of Florida Appellate Rules, a certified question has been propounded to this court as follows:
“Whether Chapter 934.07 of the Florida Statutes [F.S.A.], entitled Authorization for Interceptions of Wire or Oral Communications wherein the State Attorney, among others, is designated to authorize application for a Court Order permitting interception, permits a delegation of such authority by the State Attorney to any Assistant State Attorney ?”
The agreed statements of facts accompanying the certificate is as follows:
“The defendant Angel and others have been charged by Information with the offenses of conspiracy to keep a gambling house, keeping a gambling house and bookmaking to which charges pleas of not guilty have been entered. The State’s evidence against the defendant Angel is based upon telephonic conversations monitored, pursuant to an order permitting the interception of such conversations, dated April 20, 1971; that as a predicate to the entry of such order, and as required under Chapter 934.07 of the Florida Statutes [F.S.A.], an authorization for interception of wire or oral communications was executed by one Jack R. Blumenfeld (known by this Court to be an Assistant State Attorney in the office of Richard E. Gerstein, State Attorney in and for the 11th Judicial Circuit of Florida, although such position is not shown on the face of such authorization).”
§ 934.07, Fla.Stat, F.S.A., reads as follows:
“934.07 Authorization for interception of wire or oral communications. — The governor, the department of legal affairs, or any state attorney or any county solicitor, having jurisdiction to prosecute felonies in his respective jurisdictions may authorize an application to a judge of competent jurisdiction for, and such judge may grant in conformity with this chapter, an order authorizing or approving the interception of wire or oral communications by the department of law enforcement or any law enforcement agency of this state or any political subdivision thereof having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling (when the same is of an organized nature or carried on as a conspiracy in violation of the laws of this state), robbery, burglary, grand larceny, prostitution, criminal usury, abortion, bribery, extortion, dealing in narcotic drugs or other dangerous drugs, or any conspiracy to commit any violation of the laws of this state relating to the crimes specifically enumerated above.”
*200 The Constitution of the State of Florida and, specifically, Art. V, Section 9B, F.S.A., grants unto Assistant State Attorneys of the Eleventh Judicial Circuit “full authority to do and perform any official act that the State Attorney may do and perform”. Further, § 27.181(3), Fla.Stat., F.S.A., provides as to all Assistant State Attorneys:
“27.181 Assistant state attorneys; appointment ; term; powers and duties; compensation.—
******
“(3) Each assistant state attorney appointed by a state attorney under the authorization of this act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said attorney, except, however, that due to constitutional limitations, no such assistant may sign infor-mations. He shall sign indictments and other official documents, except informa-tions, as assistant state attorney, and, when so signed, the same shall have the same force and effect as if signed by the state attorney.”
******
These provisions were in the Constitution and in the Statutes at the time of the enactment of § 934.07, Fla.Stat., F.S.A. Therefore, it should readily have been apparent to the Legislature [at the time of the enactment of § 934.07, Fla.Stat., F.S.A.] that at least in the Eleventh Judicial Circuit, if not throughout the State, Assistant State Attorneys would be entitled to authorize an interception of communication pursuant to the Section. Of course, this authorization only puts in motion the procedure to obtain such authority from a judicial officer pursuant to § 934.09, Fla.Stat, F.S.A., and it is assumed that any judicial officer will comply with the requirements of Ch. 934 before he permits the interception of any such communication.
Therefore, for the reasons above stated, the certified question is answered in the affirmative.