342 So.2d 567 (1977)
STATE of Florida, Appellant,
v.
Cornelius McGILLICUDDY, Jr., a/k/a Connie Mack, Jr., Appellee.
No. 76-994.
District Court of Appeal of Florida, Second District.
February 18, 1977.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Archie M. Odom, of Farr, Farr, Haymans, Mosely & Odom, Punta Gorda, and Robert L. Weinberg, of Williams, Connolly & Califano, Washington, D.C., for appellee.
GRIMES, Judge.
The state brings this appeal from the suppression of wiretap evidence on the ground that the application for the order which authorized the interception did not meet the requirements of the applicable federal statute.
The application for the interception of wire communications consisted of an affidavit of Ralph Cunningham, an investigator in the State Attorney's office for the Twentieth *568 Judicial Circuit. The application runs twenty-one pages and contains primarily an account by Cunningham of facts purporting to justify the issuance of the wiretap order. The application concludes with the words "authorized by" followed by the signature of the state attorney. When the application was presented to him, Judge Schoonover, a circuit judge of the Twentieth Judicial Circuit, issued an order which authorized the interception of communications over a specific telephone in Lee County listed in the name of Glenn DeVore.
Thereafter, appellee filed a motion to suppress all evidence obtained from wiretapping his communications over the subject telephone.[1] Following a suppression hearing, a different circuit judge entered an order prohibiting the state from using the contents of any intercepted communication obtained under Judge Schoonover's wiretap order. The basis for the suppression was that the wiretap application failed to comply with 18 U.S.C. § 2516 et seq. which provides for authorization to intercept wire or oral communications.
The parties agree that Congress in the passage of Title III of the Omnibus Crime Control and Safe Streets Act pre-empted the field of the interception of wire communications under its power to regulate interstate communications. State v. Farha, 218 Kan. 394, 544 P.2d 341 (1975). The states are also permitted to regulate wiretaps providing their standards are at least as strict as those set forth in the federal act. State v. Siegel, 13 Md. App. 444, 285 A.2d 671 (1971). Thus, in order to reach our conclusion, it is necessary to first look at the applicable federal statutes.
18 U.S.C. § 2516 reads in pertinent part as follows:
"(1) The Attorney General, or any Assistant Attorney General specially designated by the Attorney General, may authorize an application to a Federal judge of competent jurisdiction for, and such judge may grant in conformity with section 2518 of this chapter an order authorizing or approving the interception of wire or oral communications by the Federal Bureau of Investigation, or a Federal agency having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of 
* * * * * *
"(2) The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire or oral communications, may apply to such judge for, and such judge may grant in conformity with section 2518 of this chapter and with the applicable State statute an order authorizing, or approving the interception of wire or oral communications by investigative or law enforcement officers having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other crime dangerous to life, limb, or property, and punishable by imprisonment for more than one year, designated in any applicable State statute authorizing such interception, or any conspiracy to commit any of the foregoing offenses."
The enabling state legislation on the subject is Section 934.07, Florida Statutes (1975) which reads:
"934.07 Authorization for interception of wire or oral communications.  The governor, the department of legal affairs, *569 or any state attorney may authorize an application to a judge of competent jurisdiction for, and such judge may grant in conformity with this chapter, an order authorizing or approving the interception of wire or oral communications by the department of [Criminal] law enforcement or any law enforcement agency of this state or any political subdivision thereof having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling (when the same is of an organized nature or carried on as a conspiracy in violation of the laws of this state), robbery, burglary, grand larceny, prostitution, criminal usury, abortion, bribery, extortion, dealing in narcotic drugs or other dangerous drugs, or any conspiracy to commit any violation of the laws of this state relating to the crimes specifically enumerated above."
The trial court interpreted the federal statute to mean that one of the statutorily described officers had to physically appear before the judge as an applicant to obtain the wiretap order. Since Mr. Cunningham was not one of those officers, the court held the order and the resulting wiretap to be invalid. We do not believe that Congress intended for its legislation to be given such a narrow construction.
It is evident that the use of wiretaps infringes upon the individual's right to privacy. Therefore, the federal statute establishes procedures which are designed reasonably to protect the right of privacy, while insuring that necessary wiretaps may be used for investigative purposes.
The purpose of the procedure set forth in 18 U.S.C. § 2516(2) is to place the responsibility for authorization in a specific and identifiable person who is answerable to the people. United States v. Lanza, 341 F. Supp. 405 (M.D.Fla. 1972). Under the statute, it must be clear who has authorized and set into motion the application for wiretap. Florida has implemented the congressional intent by specifying that a state attorney may be an authorizing official.[2]
In this case, there is no question that Cunningham was the affiant for the application, and he is referred to therein as the applicant. However, the application reflects that it was authorized by the state attorney, who is the principal prosecuting attorney of a political subdivision of the State of Florida as contemplated by 18 U.S.C. § 2516(2) and Section 934.07, Florida Statutes (1975). Mr. Cunningham's sworn statement provided sufficient information upon which the state attorney could rely in exercising his judgment to authorize the application. By authorizing this application in writing, the state attorney has certified that in the performance of his duties he has determined that the contents of the application warrant his office in seeking to obtain a wiretap order. No purpose would have been served for the state attorney to swear to the application and the impracticalities of requiring him personally to appear to request the order are obvious.
It must be noted that 18 U.S.C. § 2516(2) provides that a state wiretap order should be granted in conformity with § 2518 of the chapter. 18 U.S.C. § 2518 reads in part as follows:
"(1) Each application for an order authorizing or approving the interception of a wire or oral communication shall be made in writing upon oath or affirmation to a judge of competent jurisdiction and shall state the applicant's authority to make such application. Each application shall include the following information:
(a) the identity of the investigative or law enforcement officer making the application, and the officer authorizing the application;
(b) a full and complete statement of the facts and circumstances relied upon *570 by the applicant, to justify his belief that an order should be issued, including... .
* * * * * *"
Thus, § 2518 contemplates that the applicant for the application will be an investigative or law enforcement officer, thereby effectively negating the appellee's argument that subsection (2) of § 2516, unlike subsection (1), requires the specified prosecuting official to be the applicant.
Similar circumstances were involved in two federal cases in which Florida wiretap orders had been obtained. In United States v. Lanza, supra, an agent of the Florida Department of Law Enforcement had applied for a wiretap order upon the authorization of the Governor of Florida. In a subsequent hearing on a motion to suppress evidence obtained from wiretaps under the order, the defendants questioned whether the Governor was a proper person under 18 U.S.C. § 2516 to authorize the application for the wiretap order. The court reasoned that the Governor as the chief executive of the state was superior to the Attorney General and the state attorneys and fulfilled to a greater degree than any other public officer the function of being a publicly responsible officer who is subject to the political process. While not discussing the point, it is implicit from the order denying suppression that the Governor had not personally applied for the wiretap order. In a subsequent case, the same procedure was approved in United States v. Pacheco, 489 F.2d 554 (5th Cir.1974).
Therefore, we hold that it was unnecessary for the state attorney to apply for the wiretap order. His written authorization for the application sufficed for purposes of the applicable federal and state statutes. Contra, State v. Farha, supra.
The appellee raised two additional grounds in his motion to suppress. The trial court specifically did not reach either of these two grounds in entering its order suppressing the wiretap evidence. Therefore, they are not before this court on appeal and will not be determined at this time.[3]
REVERSED.
OTT, J., concurs.
McNULTY, Acting C.J., dissents with opinion.
McNULTY, Acting Chief Judge, dissenting.
I respectfully dissent. In my view, subsection (2) of § 2516, 18 U.S.C., relating to state authorized wiretaps, requires that the "principal prosecuting attorney" of a "political subdivision" of the state must personally make application for an order authorizing a wiretap. The language of that subsection is clear and unambiguous, and if Congress intended otherwise it easily could have done so in language similar to subsection (1) of that section in which one other than either the Attorney General of the United States or a specially authorized assistant may make application for a federally authorized tap. Indeed, the breadth of subsection (1) as it relates to an echelon of authority to apply for federal wiretap authorization fully explains, I think, the apparent breadth of § 2518 of the act,[1] cited by the majority as contemplating as applicants those other than the principal prosecuting attorney.
I am convinced that with respect to a state authorized wiretap (a grave invasion of privacy by whatever authority), Congress intended that the formalities of an application therefor be undertaken by the solemn, sworn-to, deliberative official act of the highest prosecuting authority of a given state political subdivision; and this for the *571 same obvious reasons that our own constitution and statutes require that the same officer undertake to swear or affirm to the matters set forth in an information upon which he intends to prosecute an accused.[2] The mere authorization to an "investigator" employed by that prosecuting officer to make such application falls far short of the solemnity in the premises as envisioned, I am sure, by Congress.
I would affirm the suppression of the wiretap evidence.
NOTES
[1] At the time the motion to suppress was filed, there was no indictment or information pending against appellee. However, an indictment previously returned against him which was predicated upon the fruits of the wiretap had been dismissed with leave to amend. Therefore, appellee had standing as an "aggrieved person" to complain that the wiretap evidence against him was illegally obtained. In re Grand Jury Investigation, 287 So.2d 43 (Fla. 1973).
[2] In State v. Angel, 261 So.2d 198 (Fla.3d DCA 1972), our sister court held that an assistant state attorney could authorize an application for a wiretap under Sec. 934.07. However, it appears that the question of whether this would meet the standards of the underlying federal legislation was not argued.
[3] In view of our disposition of this case, we also need not pass upon the propriety of the broad sweep of the order entered below insofar as it purports to suppress evidence obtained against those who were not parties to this proceeding or persons who may not have standing to complain. See State v. News-Press Publishing Company, 338 So.2d 1313 (Fla.2d DCA 1976).
[1] The Omnibus Crime Control and Safe Streets Act of 1968, of which 18 U.S.C. §§ 2510, et seq. is a part.
[2] See Art. I, § 15, Fla. Const., and § 27.181(3), Fla. Stat. (1975).