**STATE v. ANDERSON,**
No. 77-4228 CF.
Circuit Court, Duval County.
November 20, 1978.

Michael J. Obringer, Assistant State Attorney, for the state.

William J. Sheppard, Jacksonville, for the defendant.

VIRGINIA Q. BEVERLY, Circuit Judge.

This cause came on to be heard by the court on the defendant's second motion to suppress, filed herein on September 18, 1978.

By his motion, the defendant attacks the sufficiency of the authorization of application for authority to intercept wire communications, which authorization was signed by an assistant state attorney of the fourth judicial circuit and seeks to suppress as evidence in this cause all oral conversations by the defendant which were intercepted and recorded by the Jacksonville Sheriff's Office.

The issue before the court is whether the wiretaps were improperly authorized.

The court can find only one Florida opinion reported wherein this specific question was raised. The Third District Court of Appeal has held that — "At least in the eleventh judicial circuit, if not throughout the state, assistant state attorneys would be entitled to authorize an interception of communications pursuant to this section [§934.07, Florida Statutes]" State v. Angel, 261 So.2d 198 (Fla. 3rd DCA, 1972). This opinion was affirmed by the Supreme Court of Florida which said —

> "The decision appealed is affirmed on authority of Florida Constitution, Article V, Section 9 (B) and Florida Statute, Section 27.181 (3)". See Angel v. State, 270 So.2d 715 (Fla. 1972).

The Second District Court of Appeal spoke to the issue in State v. McGillicuddy, 342 So.2d 567 (Fla. 2nd DCA, 1977), when it said —

> "Under the statute, it must be clear who has authorized and set into motion the application for wiretap. Florida has implemented the congressional intent by specifying that a state attorney may be an authorizing official"[2].
>
> (Foot note Number 2: "In State v. Angel, 261 So.2d 198 (Fla. 3rd DCA, 1972), our sister court held that an *assistant* state attorney could authorize an application for a wiretap

under Sec. 934.07, however, it appears that the question of whether this would meet the standards of the underlying federal legislation was not argued.")

It is significant to note that Article V, Section 9 (B) of the Florida Constitution, in effect when the *Angel* case was decided, applied to Dade County only, and further, this provision of the constitution was repealed in 1973. No other Florida case has been cited to the court or found by the court where the precise question was in issue.

Congress, in the passage of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U. S. Code, §2516(2), pre-empted the field of the interception of wire communications, but authorized the states to regulate wiretaps providing their standards are at least as strict as those set forth in the Federal Act. See *McGillicuddy,* supra.

The legislative history of the Federal Act reveals that Congress intended to limit the right to authorize applications for wiretap interceptions. See United States v. Giordano, 94 S.Ct. 1820, f.n.11 (1974) —

The intent of the proposed provision is to provide for the centralization of policy relating to statewide law enforcement in the use of electronic surveillance in the chief prosecuting officer of the state . . . Where no such officer exists, policymaking would not be possible on a statewide basis; it would have to move down to the next level of government. In most states, the principal prosecuting attorney at next political level of a state, usually the county, would be the district attorney, state's attorney, or county solicitor. The intent . . . is to centralize areawide law enforcement policy in him . . . Where there are both an attorney general and a district attorney, either could authorize applications, the attorney general anywhere in the state and the district attorney anywhere in his county. *The proposed provision does not envision a further breakdown.* Although city attorneys may have in some places limited criminal prosecuting jurisdiction, the proposed provision is not intended to include them. (Italics added.)

The Federal District Court, Middle District of Florida, while deciding a federal case, commented that —

"Florida has chosen to delimit this authority even more severely than does the statute governing federal applications. The Florida statute authorizes no delegation whatsoever." See *United States v. Lanza,* 341 F.Supp. 405, 409 (M.D., Fla. 1972).

The Florida law provides that the governor, the attorney general, or any state attorney may authorize an application for an order authorizing or approving the interception of wire communications, §934.07, Florida Statutes (1977).

Section 27.181(3), Florida Statutes (1977), provides that —

"Each assistant state attorney appointed by a state attorney under authorization of this act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of the state attorney, except, however, that due to constitutional limitations, no such assistant may sign informations . . ."

Does the language of this section of the Florida Statutes extend the authority of the state attorney to assistant state attorneys? This court finds that, in view of the history of the "wire tapping bill," an assistant state attorney is not empowered to authorize an application for an order approving interception of wire communications, and it is therefore ordered that the defendant's second motion to suppress is granted.