864 F.2d 21
 63 A.F.T.R.2d 89-586, 89-1 USTC P 9252
 UNITED STATES of America, and James L. Sherlock, Special
Agent, Internal Revenue Service, Petitioners-Appellants,
v.
MILLSTONE ENTERPRISES, INC., R & R Trucking and
Transportation, Inc., Vee's Book Botique, Inc., Truckers
Training and Transfer, Inc., Businessman's Management &
Consulting Co., Inc., Boulevard Bookstore, Inc.,
Respondents- Appellees.
 No. 88-3400.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 3, 1988.
Decided Dec. 30, 1988.
 
 J. Alan Johnson, U.S. Atty. of counsel; William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Charles E. Brookhart (argued), Laura Marie Conley O'Hanlon, Attys., Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellants.
 Thomas A. Crawford, Jr., (argued), Pittsburgh, Pa., for respondents-appellees.
 Robert E. Colville, Dist. Atty., Michael W. Streily, Asst. Dist. Atty., Robert L. Eberhardt, Leo M. Dillon, Deputy Dist. Attys., for Com. of Pa., amicus curiae.
 Before GIBBONS, Chief Judge, BECKER and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Chief Judge:
 
 
 1
 The United States and James L. Sherlock, a Special Agent of the Internal Revenue Service appeal from an order of the district court denying their motion to hold Millstone Enterprises, Inc., R & R Trucking and Transportation, Inc., Vee's Book Botique, Inc., Truckers Training and Transfer, Inc., Businessman's Management and Consulting Company, Inc., and Boulevard Bookstore, Inc., corporations controlled by William Robert Birdseye, in contempt for disobeying a court order enforcing an Internal Revenue Service summons issued pursuant to 26 U.S.C. Secs. 7402(b) and 7604(a) . The district court denied the motion to hold Birdseye's corporations in contempt on the ground that the Internal Revenue Service investigation was the result of evidence obtained illegally. Because that defense was raised and rejected in the summons enforcement proceeding, which resulted in a final judgment, the court erred in considering it in the contempt proceeding. Therefore we will reverse.
 
 
 2
 On March 20, 1987, Sherlock issued an Internal Revenue Service summons to Birdseye's corporations in furtherance of an investigation seeking to determine whether Birdseye committed criminal offenses in violation of the Internal Revenue Code for the years 1982 through 1985. Birdseye and the corporations refused to comply with the summons, which sought "bank statements, cancelled checks, deposit slips, cash register journals, cash disbursements journals, general ledgers and payroll records." The asserted reason for refusing to comply was that the criminal tax investigation for which the summons was issued was derived from an illegal wiretap installed by the Pennsylvania State Police.
 
 
 3
 On November 9, 1987, Sherlock filed in the district court, pursuant to 26 U.S.C. Secs. 7402(b) and 7604(a) and 28 U.S.C. Sec. 1345, a petition to enforce the summons. That court issued an order directing the corporations to show cause why they should not comply. The corporations defended on the ground that the Internal Revenue Service investigation was based on information procured in an illegal wiretap. The Government urged that this defense should not be considered in the summons enforcement proceeding, but should await a trial, a grand jury investigation, or an administrative proceeding. The Government also asserted that the wiretaps were legal. A hearing was held on December 15, 1987. On January 7, 1988, the district court ordered the corporations to comply with the summons. Without ruling on the legality of the wiretap, the court found that the summons "(1) was issued for a legitimate purpose, (2) that the summoned testimony and data may be relevant to that purpose, (3) that the information sought is not already in the possession of the Internal Revenue Service, and (4) that the administrative steps required by the Internal Revenue Code have been followed." App. I, 98. No appeal was taken from the January 7, 1988 order.
 
 
 4
 Birdseye's corporations did not comply with that order. On February 9, 1988, the Government obtained an order directing the corporations to show cause why they should not be held in civil contempt for that noncompliance. The corporations responded that they had just cause to refuse to comply because the Internal Revenue Service investigation violated Title III of the Omnibus Crime Control Act of 1968, 18 U.S.C. Secs. 2510 et seq. After a hearing the district court declined the Government's application for a civil contempt adjudication. The court concluded that the wiretaps conducted by the Pennsylvania State Police pursuant to a warrant were illegal because they were approved for the investigation of crimes not within the scope of 18 U.S.C. Sec. 2516(2) (1982). That section authorizes wiretaps for the investigation of:
 
 
 5
 murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other crimes dangerous to life, limb or property, and punishable by imprisonment for more than one year, designated in any applicable state statute authorizing such interception, or any conspiracy to commit any of the foregoing offenses.
 
 
 6
 The investigation for which the wiretap was issued was of organized prostitution. 18 Pa.Cons.Stat.Ann. Secs. 5902, 911, 903 (Purdons 1983). The wiretaps produced evidence which formed the basis for probable cause to issue a series of search warrants of Birdseye's residence and businesses. The Internal Revenue Service gained access to materials seized by the Pennsylvania State Police in the summer of 1986, and a criminal tax investigation commenced in October of that year. The district court reasoned that organized prostitution was not one of the crimes included in 18 U.S.C. Sec. 2516(2), and that the entire investigation was tainted.
 
 
 7
 The district court's January 7, 1988 order enforcing the summons was issued in a civil enforcement proceeding in which the court found that the Government had satisfied the requirements for Internal Revenue Summons enforcement set forth in United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964). Once the Government satisfied the Powell criteria, the burden shifted to the taxpayer to show that enforcement of the summons would be an abuse of the court's process. United States v. Garden State Nat'l Bank, 607 F.2d 61 (3rd Cir.1979). A taxpayer "may challenge the summons on any appropriate ground." Powell, 379 U.S. at 58, 85 S.Ct. at 255 (quoting Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964)). The corporations raised in the enforcement proceeding the defense that the criminal tax investigation was tainted by an illegal wiretap, but did not pursue it. The court could have passed on that defense, but did not do so.
 
 
 8
 Neither the corporations nor Birdseye took an appeal from the January 7, 1988 order. Thus the order became final and binding in all future proceedings. United States v. First Nat'l Bank of New Jersey, 616 F.2d 668, 675 (3d Cir.), cert. denied, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 1890 n. 6, 72 L.Ed.2d 262 (1982). See also United States v. American Tel. & Tel. Co., 714 F.2d 178, 181 (D.C.Cir.1983).
 
 
 9
 Relying on Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), Birdseye's corporations contend that they may nevertheless raise the illegality of the wiretap at the contempt stage. Gelbard, however, did not involve an Internal Revenue Service summons enforcement proceeding. It was a proceeding to enforce a grand jury subpoena. Thus it involved the rule, peculiar to the enforcement of grand jury subpoena enforcement proceedings, that an order enforcing the subpoena is not appealable. The only available method of obtaining appellate review of a grand jury subpoena is to stand in contempt. 408 U.S. at 61, 92 S.Ct. at 2367. The grand jury exception to what is analytically a final appealable order directing a witness to comply is inapplicable to Internal Revenue Service summons enforcement proceedings. Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).
 
 
 10
 Principles of res judicata therefore preclude re-examination of the validity of underlying orders in contempt proceedings. E.g., United States v. Ofe, 572 F.2d 656 (8th Cir.1978). As the Supreme Court has observed:
 
 
 11
 It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsider the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.... [D]isobedience cannot be justified by retrying the issues as to whether the order should have issued in the first place.
 
 
 12
 Maggio v. Zeitz, 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 (1948). See Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC, 478 U.S. 421, 106 S.Ct. 3019, 3032 n. 21, 92 L.Ed.2d 344 (1986). The only issue which could properly be considered in the contempt proceeding was whether Birdseye's corporations could in fact comply with the order. Halderman v. Pennhurst State School & Hosp., 673 F.2d 628, 637 (3d Cir.1982). As we noted in Halderman, any other rule would set to nought the time limits for seeking appellate review set forth in Fed.R.Civ.P. 4(a).
 
 
 13
 Birdseye's corporations urge that they should be relieved of the res judicata consequences of the unappealed January 7, 1988 order because the district court in some manner misled them into the belief that they could raise their illegal wiretap contention in a contempt proceeding, and thus did not appeal. If this were a ground for relief from a judgment it would have to be raised in a Fed.R.Civ.P. 60(b) motion in the district court, not here. No such motion was made.
 
 
 14
 The Birdseye corporations had the burden of coming forward in the contempt proceeding with evidence that they made reasonable efforts to comply. E.g., United States v. Rue, 819 F.2d 1488, 1494-95 (8th Cir.1987); United States v. Hayes, 722 F.2d 723, 725 (11th Cir.1984). They introduced no such efforts. Thus on this record a finding that they were in contempt of the underlying order was mandatory.
 
 
 15
 The judgment denying the Government's motion to hold Birdseye's corporations in civil contempt will therefore be reversed, and the case will be remanded to the district court for the entry of an appropriate civil contempt sanctioning order.[1]
 
 
 
 [1]
 We do not pass upon the merits of the contention that the wiretap was illegal, or upon the question whether such illegality can be raised by Birdseye in any subsequent proceedings, civil or criminal, against him