GOSHORN, Judge.
The State appeals from the trial court’s order granting the appellees’ motion to suppress evidence obtained through an authorized wiretap. We affirm.
This matter arose out of an investigation conducted by Agent William McQue of the Orlando Police Department, who was acting as a special investigator for the Metropolitan Bureau of Investigation. McQue was investigating an alleged prostitution ring operating in Orlando. Through physical surveillance, undercover police investigation and confidential informants, McQue had cause to believe appellees were engaged in prostitution and prostitution related crimes. However, McQue believed that he could not obtain the evidence necessary to prosecute these individuals without using wiretap surveillance. As such, pursuant to section 934.09(l)(a) of the Florida Statutes, McQue filed an affidavit and application for an order authorizing the interception of wire, oral and electronic communications. After considering the application, the court issued an order authorizing the State to install and use a wiretap device on certain telephone numbers including those listed in the name of appellee Rivers’ husband and three escort businesses that Rivers operated.
As a result of the intercepted communications, the State charged all of the appellees with violations of section 895.03, Florida Statutes (1991) (RICO), a first degree felony, and section 796.07(3)(a), Florida Statutes (1991) (prostitution), a misdemeanor. Additionally, two of the appellees were charged with violations of section 796.07(2)(d), Florida Statutes (1991) (directing or transporting for the purpose of prostitution), a misdemeanor. Rivers was also charged with one violation of section 796.05, Florida Statutes (1991) (deriving support from the proceeds of prostitution), a third degree felony. The appellees filed motions to suppress the evidence obtained through the use of the wiretap surveillance. The court granted the motions and this appeal ensued.
We begin our analysis by reviewing the applicable statutory provisions relating to the interception of communications. Section 934.07, Florida Statutes (1991) states in relevant part:
[A]ny state attorney may authorize an application to a judge of competent jurisdiction for, and such judge may grant ... an order authorizing or approving the interception of wire, oral, or electronic communications by ... any law enforcement agency ... having responsibility for the investigation of the offense ... of murder, kidnapping, arson, gambling, robbery, burglary, theft, dealing in stolen property, prostitution, criminal usury, bribery, or extortion ... or any conspiracy to commit any violation of the laws of this state relating to the crimes specifically enumerated above.
(emphasis added). The federal counterpart to Florida’s wiretap statute provides:
The principal prosecuting attorney of any State, ... may apply to such judge for, and such judge may grant ... an order authorizing, or approving the interception of wire, oral, or electronic communications by investigative or law enforcement officers having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kid *5 napping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other crime dangerous to life, limb or property,' and punishable by imprisonment for more than one year, designated in any applicable State statute authorizing such interception, or any conspiracy to commit any of the foregoing offenses.
18 U.S.C. § 2516(2) (West.Supp.1994) (emphasis added).
While states may enact more stringent standards regarding the use of wiretaps within its borders, states may not allow wiretapping which exceeds the boundaries of the federal statute. State v. Aurilio, 366 So.2d 71 (Fla. 4th DCA 1978), cert. denied, 376 So.2d 76 (Fla.1979); State v. McGillicuddy, 342 So.2d 567 (Fla. 2d DCA 1977). See also Sanders v. State, 57 Md.App. 156, 469 A.2d 476, 482 (stating that “[w]hüe standards for state law enforcement officers regarding communications interceptions may be more restrictive of personal privacy rights than the federal provisions, such state standards may not supersede federal law”), cert. denied, 299 Md. 656, 474 A.2d 1345 (1984). As such, Florida’s wiretap statute must be read in conjunction with its federal equivalent and if a portion of the Florida law is broader than the federal law, that part of the statute is invalid. See Commonwealth v. Doty, 345 Pa.Super. 374, 498 A.2d 870, 877 (1985) (finding that those parts of the state law which expand upon the federal wiretap statute are severable and do not render the entire law unconstitutional), cert. denied, 479 U.S. 853, 107 S.Ct. 185, 93 L.Ed.2d 119 (1986). See also Small v. Sun Oil Co., 222 So.2d 196, 199 (Fla.1969) (finding that courts may preserve the constitutionality of an act by eliminating an invalid portion under the severability rule). Therefore, the key issue in this case is whether the crime of prostitution is a crime “dangerous to life, limb or property and punishable by imprisonment of more than one year” such that it fits within the confines of 18 U.S.C. section 2516(2).
The State argues that the outbreak of the AIDS epidemic makes prostitution a crime “dangerous to life.” Additionally, it asserts that, because each of the appellees was charged with RICO, and Rivers was charged with deriving support from the proceeds of prostitution,[1] then Florida’s wiretap statute does not contravene 18 U.S.C. section 2516(2). Therefore, the State contends that the legislature did not violate the supremacy clause in enacting the statute.
The plain and unambiguous language of federal statute, section 2516(2), requires two findings before one allegedly involved in a crime not specifically identified may be the subject of a wiretap investigation. First, the crime must be dangerous to life, limb or property; and second, it must be punishable by more than one year in prison. While the crime of prostitution arguably meets the first prong, it fails the second because, in Florida, prostitution is a second degree misdemeanor punishable by imprisonment not to exceed 60 days.[2] Although the State correctly points out that appéllee Rivers’ charge, deriving support from the proceeds of prostitution, meets the second requirement, it fails the first because it is not “dangerous to life, limb or property.” Accordingly, the trial court correctly found that the Federal Legislature preempted the authority of the State of Florida to include the crime of prostitution in its wiretap statute.[3]
Finally, the State asserts that, because each of the appellees was charged under RICO where the predicate offense was prostitution, then the RICO violation makes *6 the wiretap authorization in the present ease valid. However, the request for the wiretap order was not based on RICO. Rather, the State specifically sought permission to intercept wire communications relative to acts allegedly in violation of Chapter 796 of the Florida Statutes, entitled “Prostitution.” The RICO charges materialized only after the State obtained evidence through intercepting communications pursuant to the wiretap order. The test is the sufficiency of the allegations contained in the request for the wiretap authorization, not the evidence of other crimes discovered as a result of the intercepted communication.
AFFIRMED.
W. SHARP and DIAMANTIS, JJ„ concur.

. Each of these crimes is a felony punishable by imprisonment of more than one year.

. See § 796.07(5), Fla.Stat. (1991). It should be noted that, effective October 1, 1993, this section was amended and renumbered to include a harsher penally for a subsequent offense. See Ch. 93-227, § 5, at 2341, Laws of Fla. Even under this change, however, prostitution is not punishable by imprisonment of more than one year.

. The Federal Legislature did provide a manner in which to utilize wiretapping devices to investigate prostitution. Section 2516(1) permits intercepting wire or oral communications to investigate any offense punishable under 18 U.S.C. section 1952. That section states:
(a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with the intent to — ’
(1) distribute the proceeds of any unlawful activity; or
(2) commit any crime of violence to further any unlawful activity; or
*6 (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
(b) As used in this section, ... "unlawful activity” means (1) any business enterprise involving ... prostitution offenses in violation of the laws of the State in which they are committed. ...
Thus, under federal law, wiretapping may be permitted to investigate prostitution only if the alleged activities involve interstate or foreign commerce. Sub judice, because there was no evidence of interstate activity, this statute cannot be used as a basis for justifying the State's actions. Furthermore, the State did not meet the application requirements enumerated in 18 U.S.C. section 2516(1). Therefore, sections 2516(1) and 1952 are inapplicable to the present case.