660 So.2d 1360 (1995)
STATE of Florida, Appellant,
v.
Cynthia Marie RIVERS, et al., Appellees.
No. 84610.
Supreme Court of Florida.
July 6, 1995.
Rehearing Denied October 5, 1995.
Robert A. Butterworth, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Ed Leinster, Orlando, and Adam B. Reiss of Reiss, Hillman & Reiss, Orlando, for appellees.
HARDING, Justice.
We have for review State v. Rivers, 643 So.2d 3 (Fla. 5th DCA 1994), wherein the Fifth District Court of Appeal declared a state statute invalid. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
Section 934.07, Florida Statutes (1991), part of which the district court held invalid in this case, authorizes the interception of wire, oral, or electronic communications by law enforcement when the interception may provide evidence of a list of enumerated offenses.[1] The federal wiretap statute also *1361 authorizes such interception for certain enumerated offenses[2] or "other crime dangerous to life, limb, or property, and punishable by imprisonment for more than one year." 18 U.S.C. § 2516 (2) (1988).
This case involves a wiretap order that was issued in the investigation of an alleged prostitution ring in Orlando. The application for the order stated that there was probable cause to believe that the interception would provide evidence of "ongoing violations of Chapter 796, Florida Statutes, prohibiting prostitution." Based upon the intercepted communications, the State charged the appellees with RICO violations[3] and prostitution.[4] Two appellees were also charged with directing or transporting for the purpose of prostitution.[5] Rivers was additionally charged with deriving support from the proceeds of prostitution.[6]
The trial court granted the appellees' motion to suppress the evidence obtained from the wiretaps. The court concluded that "to the extent that [section] 934.07 permits the authorization of wiretaps to investigate prostitution not involving the use of force or any danger to life, limb, or property, or interstate commerce, it contravenes the requirements of Title 18 U.S.C. Section 2516(2). Consequently, the wiretaps used in this case are invalid and the evidence gleaned from them is hereby SUPPRESSED." State v. Rivers, No. CR92-11503 (Fla. Cir. Ct. Mar. 26, 1993) (Order Granting Defendants' Motion to Suppress).
On appeal, the Fifth District Court of Appeal stated that "the key issue in this case is whether the crime of prostitution is a crime `dangerous to life, limb or property and punishable by imprisonment of more than one year' such that it fits within the confines of 18 U.S.C. section 2516(2)." 643 So.2d at 5. The district court concluded that while prostitution arguably meets the first prong of being dangerous to life, limb, or property based upon the spread of Acquired Immune Deficiency Syndrome (AIDS), it does not meet the second prong because in Florida prostitution is only a second-degree misdemeanor punishable by imprisonment not to exceed sixty days. The court also concluded that while the charge of deriving support from the proceeds of prostitution satisfies the second prong,[7] it fails the first requirement because it is not dangerous to life, limb, or property. Thus, the district court agreed with the trial court that the federal statute preempted Florida's authority to include the crime of prostitution in its wiretap statute and affirmed the order suppressing the evidence. Id.
In response to the State's argument that the RICO charges made the wiretap authorization valid in this case, the district court noted that the request for the wiretap order was specifically based on acts in violation of chapter 796, entitled "Prostitution," and not on alleged RICO violations. The RICO charges only materialized after the State obtained evidence through intercepting communications pursuant to the wiretap order. Id. at 6.
Additional offenses discovered during the course of a proper intercept may be prosecuted regardless of the nature of the offense or the prescribed punishment. United States v. Pacheco, 489 F.2d 554, 564 (5th Cir.1974), cert. denied, 421 U.S. 909, 95 S.Ct. 1558, 43 L.Ed.2d 774 (1975). However, evidence of other crimes revealed as the result of an invalid wiretap cannot redeem an otherwise invalid authorization. In this case where the request was specifically based on violations of chapter 796, any RICO violations that were revealed as a result of the intercepted communications would not validate the original wiretap if prostitution-related offenses are not subject to wiretap under the federal statute.
*1362 Title III of the Omnibus Crime Control and Safe Streets Act of 1968 created a chapter entitled "Wire Interception and Interception of Oral Communications." 18 U.S.C. §§ 2510-20 (1988 & Supp. 1993). This chapter was intended to prohibit "all wiretapping and electronic surveillance by persons other than duly authorized law enforcement officials engaged in the investigation of specified types of major crimes after obtaining a court order." S.Rep. No. 1097, 90th Cong., 2d Sess. (1968), reprinted in 1968 U.S.C.C.A.N. 2112, 2113 [hereinafter S.Rep.]. By passage of this measure, Congress preempted the field of the interception of wire communications under its power to regulate interstate communications. State v. McGillicuddy, 342 So.2d 567, 568 (Fla. 2d DCA 1977). As explained in the Senate report, the federal wiretap statute "envisions that States would be free to adopt more restrictive legislation, or no legislation at all, but not less restrictive legislation." S.Rep., supra, at 2187; accord McGillicuddy, 342 So.2d at 568. This Court has also held that Florida's wiretap statute must be strictly construed and narrowly limited in its application by the specific provisions set out by the legislature. In re Grand Jury Investigation, 287 So.2d 43 (Fla. 1973).
The federal wiretap statute enumerates a number of offenses where wiretaps are authorized, and also includes a general category of any "other crime dangerous to life, limb, or property, and punishable by imprisonment for more than one year." 18 U.S.C. § 2516(2). While Florida's counterpart is quite similar to the federal statute, it enumerates a more expansive list of offenses where wiretaps are authorized, including prostitution. § 934.07, Fla. Stat. (1991). Thus, the district court correctly identified the key issue as whether prostitution falls within the "dangerous to life" general category of the federal statute.
Courts in several other jurisdictions have concluded that prostitution is not a crime dangerous to life, limb, or property under the federal wiretap statute. See People v. Shapiro, 50 N.Y.2d 747, 431 N.Y.S.2d 422, 409 N.E.2d 897 (1980); United States v. Millstone Enters., Inc., 684 F. Supp. 867, 870 (W.D.Pa.), rev'd on other grounds, 864 F.2d 21 (3d Cir.1988); but see Commonwealth v. Birdseye, 432 Pa.Super. 167, 637 A.2d 1036, 1040-41 (finding that prostitution is dangerous to life based upon the threat of AIDS), review granted, 538 Pa. 664, 649 A.2d 667 (1994).
In Shapiro, the New York Court of Appeals determined that allegations of sexual abuse and the promotion of prostitution involving minors "do not come within the intendment of the Federal statute because they cannot be said to be `crime(s) dangerous to life (or) limb.'" 431 N.Y.S.2d at 432, 409 N.E.2d at 907. In Millstone, a federal district court reached the same conclusion that "[p]rostitution was not within Congress's intention of `other crimes dangerous to life, limb or property,' particularly where ... there has been no allegations [sic] of associated violence or threat of violence." 684 F. Supp. at 871.
We agree with the conclusion of the Shapiro and Millstone courts that Congress did not intend to include prostitution in the "dangerous to life, limb or property" category. As the Shapiro court noted, the drafters of the statute "did not keep their intentions secret." 431 N.Y.S.2d at 431, 409 N.E.2d at 907. The drafters specifically stated that each offense enumerated in the statute was chosen "either because it is intrinsically serious or because it is characteristic of the operations of organized crime." S.Rep., supra, at 2186. Under the statutory construction rule of ejusdem generis, the general category of other crimes "dangerous to life, limb, or property, and punishable by imprisonment for more than one year," must be construed as applying only to crimes of the same kind as those precisely stated in the statute. Thus, the "dangerous to life" general category refers only to those crimes that are "intrinsically serious" or characteristic of the operations of organized crime. Shapiro, 431 N.Y.S.2d at 432, 409 N.E.2d at 907.
The State argues that prostitution is dangerous to life because the virus that causes AIDS is sexually transmitted. Thus, the State contends, prostitution-related felonies such as deriving support from the proceeds of prostitution meet both prongs of the general category: dangerous to life and punishable by imprisonment for more than one year.
*1363 Unquestionably, the spread of the virus that causes AIDS is a great health concern. However, this alone does not make prostitution intrinsically "dangerous to life." Moreover, Congress specifically provided that the "dangerous to life" general category "is intended to exclude such offenses as fornication and adultery, which do not involve danger to life, limb, or property." S.Rep., supra, at 2187.
While we find that prostitution in general is not "dangerous to life," we agree with the Millstone and Shapiro courts that wiretaps could be authorized in conformance with the federal statute where the allegations of prostitution-related offenses involve violence or the threat of violence. See Millstone, 684 F. Supp. at 870-71; Shapiro, 431 N.Y.S.2d at 431-33, 409 N.E.2d at 907-08. However, under the circumstances of this case, section 934.07 cannot be read as authorizing wiretaps to investigate non-violent prostitution-related offenses without contravening the requirements of 18 U.S.C. § 2516(2). Thus, we agree with the district court that the trial court properly suppressed the evidence obtained from the wiretaps in this case.
For the reasons expressed above, we approve the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] Section 934.07, Florida Statutes (1991), authorizes the interception of wire, oral, or electronic communications when such interception may provide evidence of the commission of certain enumerated offenses, including "murder, kidnapping, arson, gambling, robbery, burglary, theft, dealing in stolen property, prostitution, criminal usury, bribery, or extortion."
[2] The offenses listed in the federal statute include "murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana, or other dangerous drugs." 18 U.S.C. § 2516 (2) (1988).
[3] § 895.03, Fla. Stat. (1991).
[4] § 796.07(3), Fla. Stat. (1991).
[5] § 796.07(2)(d), Fla. Stat. (1991).
[6] § 796.05, Fla. Stat. (1991).
[7] Deriving support from the proceeds of prostitution is a third-degree felony, punishable by a term of imprisonment not exceeding five years. See §§ 775.082(3)(d), 796.05, Fla. Stat. (1991).