W. SHARP, J.,
dissenting.
I respectfully dissent. I would interpret the language in section 934.03(2)(c), which makes legal and usable in court wiretap or taping of a telephone conversation when one of the parties has not consented to the taping, strictly rather than liberally. The *40 statute provides that such a conversation may be taped lawfully, if “the purpose of such interception is to obtain evidence of a criminal act.” Since the statute is an exception to the constitutionally protected right to privacy,[1] it should be construed narrowly rather than broadly. See In re Grand Jury Investigation, 287 So.2d 43 (Fla.1973); Copeland v. State, 435 So.2d 842 (Fla. 2d DCA 1983).
The telephone call in this case was made at the instigation of a police officer, Deputy Reynolds, who was investigating a sexual battery case involving Sobel’s minor daughter, Arlene. Reynolds had interviewed Arlene and Sobel, and Arlene told her Arlene’s boyfriend, who had been living in their home, had been engaging in sexual relations with her. The next day Arlene left a message on Reynolds’ answering machine, claiming what she told her about her boyfriend was a he.
Reynolds did not believe Arlene’s recanting of her earlier interview. In order to get Arlene to reaffirm her prior allegations, Reynolds asked one of Arlene’s friends, Eric, to participate in a taped telephone conversation with Arlene. Eric agreed. Had such a telephone conversation taken place under those circumstances, I think the statutory exception of section 934.03(2)(c) would be applicable. The purpose of the call would have been to obtain evidence of the crime Deputy Reynolds was then investigating, and Eric (one party to the call) agreed to the taping.
However, that planned telephone call did not take place because Arlene was unavailable to take the call. Deputy Reynolds then asked Eric to participate in a taped telephone call to Sobel, the express purpose being to discover where Arlene was so that Eric could talk with Arlene. Sobel was not under criminal investigation, and Deputy Reynolds admitted she had no idea Sobel might have committed a crime. During the conversation with Eric, Sobel made statements which were the basis for criminal charges later filed against her— tampering with a witness (advising Eric not to tell the police the truth) and failing to protect her daughter from abuse. But Deputy Reynolds freely admitted obtaining evidence of those crimes was not the purpose of the taped telephone call to So-bel.
The defense counsel argued, and the trial court ruled, that since the admitted “purpose” of the taped conversation was to discover the whereabouts of Arlene, and not to gather evidence about a crime Sobel had committed or even one that had been committed against Arlene, the statutory exception should not have applied to make the taping legal. If “purpose,” as used by section 934.03(2)(c) is broadly interpreted, so as to encompass this conversation with Sobel, I fear the statutory exception will eventually swallow the constitutional protection. Any taped conversation that is tangently related to a supposed criminal perpetrator or victim, made for whatever purpose to a non-consenting party, which produces evidence of a crime, even though not the one under investigation, is lawful.
Pursuant to this interpretation, it will be difficult to limit the statutory exception, in future cases. In my view, this jeopardizes Florida’s Constitutional Right of Privacy, which is supposed to provide “a very high degree of protection for private communications from governmental intrusions.” Mozo v. State, 632 So.2d 623 (Fla. 4th DCA 1994), approved, 655 So.2d 1115 (Fla.1995). Any exception to this constitutional right ought to be narrowly construed. State v. Rivers, 660 So.2d 1360, 1361 (Fla.1995), Mozo; Copeland.

. U.S. Const.Amend. IV; § 12, Art. I, Fla. Const.