PALMER, J.
The State appeals the order entered by the trial court granting appellee James Otte’s motion to suppress intercepts obtained by the police pursuant to a wiretap of his home phone.[1] Concluding that the trial court properly determined that the wiretap intercepts were unauthorized under federal or state law, we affirm.
Otte was charged with racketeering, conspiracy to commit racketeering, and deriving support from prostitution. The information alleged that Otte was employed by, or associated with, a business operating under the name of Elegant Encounters. After the charges were filed, the State filed an application and affidavit for an order authorizing a wiretap on a phone located in Otte’s home. The affidavit alleged that probable cause existed to believe that Otte’s business constituted a criminal enterprise for the unlawful receipt of proceeds derived directly or indirectly from a pattern of racketeering activity through the illegal management of an escort service that provided prostitution services. The application further alleged that Otte’s prostitution and money laundering activities constituted violations of Florida’s RICO statute.[2]
Upon review, the trial court granted the State’s application, finding that probable cause existed to believe Otte was violating Florida’s RICO statute by virtue of his actions which included the management and direction of prostitutes and the clients of prostitutes. The police thereafter executed the wiretap and obtained oral intercepts from Otte’s home phone.
Otte subsequently filed a motion to suppress the oral intercepts, as well as all fruits derived therefrom, as being illegally obtained. After conducting an evidentiary hearing thereon, the trial court granted the motion concluding that, as a matter of law, the police lacked the legal authority to obtain a wiretap in order to investigate the instant charges since the charges were all centered around alleged prostitution activities.
The State argues that the trial court erred in concluding that federal and state law prohibits the police from obtaining wiretap authorization for RICO prosecutions which are based upon the underlying predicate offense of prostitution. We disagree.
In State v. Rivers, 660 So.2d 1360 (Fla.1995), our supreme court explained the dynamics of the law relating to wiretaps, and the interrelationship between state and federal laws in this area. The Rivers court explained that by enacting Title III of the Omnibus Crime Control and Safe Streets Act of 1968, Congress enacted legislation which authorizes the interception of private wire and oral communications in circumstances where federal or state law enforcement officials are investigating certain specified crimes provided that they receive prior judicial authorization. To *314 that end, the federal wiretap statute authorizes wiretap interception by law enforcement officials for purposes of investigating:
(1) certain enumerated offenses including murder, kidnaping, gambling, robbery, bribery, extortion, and dealing in narcotic drugs, marihuana, or other dangerous drugs; and
(2) other crimes dangerous to life, limb, or property, and punishable by imprisonment for more than one year.
By enacting this legislation, Congress specifically preempted the field of interception of wire communications under its power to regulate interstate communications, yet at the same time authorized the individual states to adopt their own wiretap statutes so long as they were not less restrictive than the federal legislation. Pursuant to this grant of authority, the Florida Legislature enacted a wiretap statute, section 934.07 of the Florida Statutes (1999)[3], which authorizes the interception of wire, oral, and electronic communications as follows:
934.07. Authorization for interception of wire, oral, or electronic communications
The Governor, the Attorney General, the statewide prosecutor, or any state attorney may authorize an application to a judge of competent jurisdiction for, and such judge may grant in conformity with ss. 934.03-934.09 an order authorizing or approving the interception of, wire, oral, or electronic communications by the Department of Law Enforcement or any law enforcement agency as defined in s. 934.02 having responsibility for the investigation of the offense as to which the application is made when such interception may provide or has provided evidence of the commission of the offense of murder, kidnaping, arson, gambling, robbery, burglary, theft, dealing in stolen property, prostitution, criminal usury, bribery, or extortion; any felony violation of ss. 790.161-790.166, inclusive; any violation of chapter 893; any violation of the provisions of the Florida Anti-Fencing Act; any violation of chapter 895 [RICO]; any violation of chapter 896; any violation of chapter 815; any violation of chapter 847; any violation of s. 827.071; any violation of s. 944.40; or any conspiracy or solicitation to commit any violation of the laws of this state relating to the crimes specifically enumerated above.
§ 934.07, Fla. Stat. (1999)(emphasis added). Notably, the 1999 version of the wiretap statute specifically authorized wiretaps for investigations involving prostitution offenses. However, such authorization was successfully challenged as being beyond the scope of the federal mandate by the defendants in the Rivers case.
In Rivers, our supreme court reviewed a wiretap order that was issued during in the investigation of an alleged prostitution ring in Orlando. The defendants were subsequently charged with committing several crimes including prostitution, directing or transporting for the purpose of prostitution, and deriving support from the proceeds of prostitution. However, they moved to suppress the wiretap interceptions, arguing that the wiretap order was illegal because it was premised upon allegations of prostitution, a crime which was authorized under the Florida statute but one which was not specifically authorized under the federal statute. Upon review, the trial court granted the defendants’ motion, concluding that “to the extent that [section] 934.07 [of the Florida Statutes] permits the authori *315 zation of wiretaps to investigate prostitution not involving the use of force or any danger to life, limb, or property, or interstate commerce, it contravenes the requirements of Title 18 U.S.C. Section 2516(2).” The Fifth District affirmed the trial court’s ruling and the matter proceeded on to the supreme court wherein the suppression order was again affirmed:
While Florida’s counterpart is quite similar to the federal statute, it enumerates a more expansive list of offenses where wiretaps are authorized, including prostitution. § 934.07, Fla. Stat. (1991). Thus, the district court correctly identified the key issue as whether prostitution falls within the “dangerous to life” general category of the federal statute. Courts in several other jurisdictions have concluded that prostitution is not a crime dangerous to life, limb, or property under the federal wiretap statute. See People v. Shapiro, 50 N.Y.2d 747, 431 N.Y.S.2d 422, 409 N.E.2d 897 (1980); United States v. Millstone Enters., Inc., 684 F.Supp. 867, 870 (W.D.Pa.), rev’d on other grounds, 864 F.2d 21 (3d Cir.1988); but see Commonwealth v. Birdseye, 432 Pa.Super. 167, 637 A.2d 1036, 1040-41 (finding that prostitution is dangerous to life based upon the threat of AIDS), review granted, 538 Pa. 664, 649 A.2d 667 (1994).
[[Image here]]
The State argues that prostitution is dangerous to life because the virus that causes AIDS is sexually transmitted. Thus, the State contends, prostitution-related felonies such as deriving support from the proceeds of prostitution meet both prongs of the general category: dangerous to life and punishable by imprisonment for more than one year. Unquestionably, the spread of the virus that causes AIDS is a great health concern. However, this alone does not make prostitution intrinsically “dangerous to life.” Moreover, Congress specifically provided that the “dangerous to life” general category “is intended to exclude such offenses as fornication and adultery, which do not involve danger to life, limb, or property.”
While we find that prostitution in general is not “dangerous to life,” we agree with the Millstone and Shapiro courts that wiretaps could be authorized in conformance with the federal statute where the allegations of prostitution-related offenses involve violence or the threat of violence. See Millstone, 684 F.Supp. at 870-71; Shapiro, 431 N.Y.S.2d at 431-33, 409 N.E.2d at 907-08. However, under the circumstances of this case, section 934.07 cannot be read as authorizing wiretaps to investigate nonviolent prostitution-related offenses without contravening the requirements of 18 U.S.C. § 2516(2). Thus, we agree with the district court that the trial court properly suppressed the evidence obtained from the wiretaps in this case.
Rivers, 660 So.2d at 1362-63.
Here, no allegation was made that Otte’s prostitution-related offenses involved any violence or the threat of violence and thus, in granting Otte’s motion to suppress, the trial court ruled that the interception of communications based on racketeering offenses with predicates of nonviolent prostitution-related acts contravenes federal law. The State challenges this ruling, arguing that the wiretap was permitted under federal law because racketeering is a felony which, by its nature, is necessarily dangerous to life, limb, or property because it involves claims of organized criminal activity and therefore falls within the “dangerous to life” general category of the federal statute. We disagree.
*316 Since wiretap statutes are exceptions to the federal and state constitutional rights to privacy, they must be strictly construed and narrowly applied. State v. Aurilio, 366 So.2d 71 (Fla. 4th DCA 1978). In reaching the conclusion that the wiretap was not authorized under federal law, the trial court properly relied upon the decision in Rivers, and the decision in United States v. Millstone Enterprises, Inc., 684 F.Supp. 867, 871 (W.D.Pa.), rev’d on other grounds, 864 F.2d 21 (3d Cir.1988), which held:
We do not think that an alleged corrupt organization’s violation, where a non-violent prostitution-related offense is the underlying “racketeering activity,” may be permitted to bootstrap prostitution-related conduct into the category of crimes dangerous to life or limb.
Accordingly, we affirm the trial court’s suppression order.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.

. The instant appeal is moot as to appellee Diane Fratello because Fratello entered a plea in the underlying criminal prosecution and was sentenced accordingly.

. See § 895.03(3) Fla. Stat. (1999) (setting forth the activities which are prohibited under Florida’s Racketeer Influenced and Corrupt Organization Act).

. The 1999 version of the statute applies in this case since Otte's criminal offenses were alleged to have occurred starting in January 1, 1999.