

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Egnotovich v. Greenfield Twp Sewer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3162

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Egnotovich v. Greenfield Twp Sewer" (2008). *2008 Decisions.* Paper 94.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/94

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3162
_____

PETER R. EGNOTOVICH; STELLA EGNOTOVICH,
and their marital community,
                                        Appellants,

v.

GREENFIELD TOWNSHIP SEWER AUTHORITY, et al;
PAYNE CONSTRUCTION CO., et al; PENN EAST ENGR., et
al; GREENFIELD TOWNSHIP, et al.; FRATERNAL ORDER
OF POLICE; HARRY T. COLEMAN; ABRAHAMSEN,
MORAN & CONABOY; JAMES MUNLEY; FEDERAL
JUDGE VANASKIE; EDWIN KOSIK; FEDERAL JUDGE
CONABOY; BRUCE EVANS; RICHARD JULIA; TERRANCE
NEALON; WILLIAM P. NEALON; PATRICIA CORBETT;
CARMEN MINORA; S. JOHN COTTONE; ERNIE PREATE,
Jr.; PAUL WALKER; PETER POVANDA; GERALD RUSEK;
LORRAINE RUSEK; ESTATE OF JOSEPH RUSEK; PAUL
FORTUNER; JOHN CERRA; JAMES GARDNER COLLINS;
DOROTHY RUSEK TROTTER; CARLON M. O'MALLEY,
JR.; LACKAWANNA COUNTY POLITICAL SUBDIVISION
OF THE COMMONWEALTH OF PENNSYLVANIA; THE
COMMONWEALTH OF PENNSYLVANIA; TODD
O'MALLEY; JERRY LANGAN; ANDY JARBOLA; TOM
DUBAS; DETECTIVE ROBERT MAZZONI; PAUL
MAZZONI; ED RENDELL; GENE TALERICO; MARY
MCANDREW; AMELIA NICOLE; WANDA HALLADAY;
LAURA BOYNARSKY; WALTER CASPER, JR.;
LACKAWANNA CO. COURT ADMINISTRATOR, et al;
JOHN DOES 1-150; ESQ. JOHN Q. DURKIN; DAVID
KLEPADLO; CARL SHINER; PENNSYLVANIA STATE
POLICE; JOSEPH KOSIEROWSKI, Trooper; TROOPER
BOOS; JOSEPH MINELLI; MICHAEL BARRESSE, ESQ.;
CHESTER T. HARHUT; GEORGE BELL, JR.; JOSEPH
SLEBODNIK; DOUGLAS CLARK; KEVIN O'HARA

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-01818)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MARCH 12, 2008

Before: MCKEE, SMITH AND CHAGARES, <u>CIRCUIT JUDGES</u>.

(Opinion filed: December 17, 2008)
_____

OPINION
_____

PER CURIAM

Appellants Peter and Stella Egnotovich commenced a civil action pro se in United

States District Court for the Middle District of Pennsylvania against 55 defendants,

alleging an unconstitutional taking of their property, violations of the federal Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 <u>et</u> <u>seq.</u>, and a

common law cause of action for unjust enrichment. The action was filed on September 8,

2005. The Egnatoviches sought money damages and declaratory and injunctive relief.

The property at issue is an easement owned by the Egnatoviches and situated in

Greenfield Township, Lackawanna County, Pennsylvania, and the subject of dispute was

the laying of sewer pipes, and the neighbors, the Ruseks', alleged complicity in the

alleged unlawful taking. The Greenfield Township Sewer Authority provided sewer facilities to the Egnatoviches' property. Recent difficulties in this long-running dispute over the easement began when the Sewer Authority attempted to collect unpaid sewer fees from the Egnatoviches in the amount of $2,192.10. Eventually, it commenced a collection action against the Egnatoviches in the Lackawanna County Court of Common Pleas. The Egnatoviches then maintained that they never signed the sewer easement agreement allowing the Sewer Authority to lay pipes, and they disputed the authenticity of Mr. Egnatovich's signature on an "Easement and Right-of-Way Agreement" that was executed.

During the pendency of the collection matter in the Court of Common Pleas, the Egnatoviches commenced a civil action in federal district court in the Middle District of Pennsylvania, alleging a violation of the Fair Debt Collection Act, see Egnatovich v. Greenfield Township Sewer Auth., D.C. Civ. No. 00-cv-01171. The Sewer Authority, to put the matter to rest, filed a declaratory judgment action in state court to determine the validity of the easement.[1] *A state court jury in that action concluded that the Egnatoviches had signed the easement and agreement for the installation of the sewer.* The Egnatoviches thus lost in state court, and their federal action was dismissed.[2]

---

[1] The state court matters were filed in the Lackawanna County Court of Common Pleas at civil action numbers 2000-cv-4315 and 2000-cv-4235.

[2] Evidently, Mr. Egnatovich's driving privileges have even been suspended as a result of his failure to work out a resolution of his account with the Greenfield Township Sewer Authority.

Nevertheless, in the instant RICO and civil rights litigation, the Egnatoviches continued their battle with Greenfield Township and the Ruseks. Out of an abundance of caution, they were granted leave by the District Court to file an amended complaint. Thereafter, the defendants moved in groups or individually to dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6). The Greenfield Township defendants also moved for sanctions pursuant to Federal Rule of Civil Procedure 11, and the Egnatoviches moved for "counter-sanctions." The Egnatoviches moved for summary judgment and for a default judgment. The District Court granted the motions to dismiss the amended complaint, and dismissed Lorraine Rusek and Dorothy Trotter Rusek, among others (D.E. No. 108), and Greenfield Township (D.E. No. 111). The Egnatoviches' motions were denied.

In addition, the District Court dismissed defendant Stan Payne Construction Co., which laid the sewer pipes in 1988 and 1989, and five federal judges, who may have presided over the prior federal cases (D.E. Nos. 102 and 103).[3] The District Court dismissed the Lackawanna County Court of Common Pleas Judges and Court Administrator (D.E. No. 107), John Q. Durkin, an attorney who acted as an arbitrator in 1998 in the dispute between the Egnatoviches and Greenfield Township (D.E. No. 109), and the Commonwealth defendants, including two Pennsylvania State Troopers who participated in arresting Mr. Egnatovich in 1986 (D.E. No. 110). The District Court

---

[3] The Egnatoviches previously sued Gerald and Lorraine Rusek in a 1986 case filed in the Middle District, see Egnatovich v. Rusek, D.C. Civ. No. 86-cv-00439).

dismissed the Estate of Joseph Rusek (D.E. No. 187), and 19 named defendants and John Does 1-150 pursuant to Rule 4(m) (D.E. No. 194 and D.E. No. 211).

The District Court held a hearing on the sanctions motion on August 23, 2006, at which Bruce Evans, Manager of the Greenfield Township Sewer Authority, testified. Evans testified that the budget of the Township's Sewer Authority for legal fees had to be doubled as a result of the instant litigation, and that the Sewer Authority owed $5,043.34 to its attorney, Harry T. Coleman, Esquire. Thereafter, the parties were permitted to submit supplemental briefs, and the Egnatoviches filed numerous items contesting the imposition of sanctions. The District Court awarded sanctions in the form of attorneys fees to Greenfield Township in the amount of $5,034.34 (D.E. No. 141). When the Egnatoviches failed to pay, the District Court scheduled a hearing, but they failed to appear. The court then held them in contempt and ordered them to pay the full amount within sixty days (D.E. No. 209). The Egnatoviches appeal.

We will affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291. As a threshold matter, under Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1(a), appellants are required to set forth the issues raised on appeal and to present arguments in support of those issues in their opening brief. If they fail to comply with those requirements, normally an issue is abandoned and waived and we need not address it. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). The Egnatoviches have not, in their notice of appeal, in their opening brief, or in their

5

Appendix, referred to or attached the District Court's orders dismissing the Stan Payne Construction Co., the federal judges, the Lackawanna County Court of Common Pleas Judges and Court Administrator, John Q. Durkin, the Commonwealth defendants, the Estate of Joseph Rusek, or the defendants who were not served within the time provided by Rule 4(m). They have presented no argument concerning these orders, and, accordingly, have waived any challenge to them. We thus limit our review to the orders dismissing Greenfield Township, Dorothy Rusek Trotter and Lorraine Rusek, and the sanctions order.

Our standard of review over the District Court's dismissal pursuant to Rule 12(b)(6) is plenary. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp., 127 S. Ct. at 1965). In considering a motion to dismiss, the issue is not whether the plaintiffs ultimately will prevail but whether they are entitled to offer evidence to support their claims. Nami, 82 F.3d at 65.

Dismissal of the Greenfield Township defendants and the Ruseks was proper under Rule 12(b)(6). All civil RICO claims accruing prior to September 8, 2001 are time-

barred by the civil RICO four-year statute of limitations, see Rotella v. Wood, 528 U.S. 549, 553 (2000). To the extent that any of the alleged conduct occurred after September 8, 2001, the Egnatoviches have failed to allege (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity, see Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004). Conclusory allegations of a pattern of racketeering activity, in this case, a fraudulent scheme, are insufficient to survive a Rule 12(b)(6) motion. Id. The federal civil rights claims accruing prior to September 8, 2003, are time-barred, by the two-year statute of limitations applicable to personal injury actions, see 42 Pa. Cons. Stat. Ann. § 5524(2); Wilson v. Garcia, 471 U.S. 261 (1985) (state statute of limitations applies to actions under 42 U.S.C. § 1983), and the Egnatoviches failed to allege any "violation of a right secured by the Constitution and laws of the United States," West v. Atkins, 487 U.S. 42, 48 (1988), arising after September 8, 2003. The unjust enrichment count does not meet minimal pleading standards. See, e,g, Limbach Co., LLC v. City of Philadelphia, 905 A.2d 567, 575 (Pa. Commw. Ct. 2006) (to assert claim of unjust enrichment, claimant must show that party against whom recovery is sought either wrongfully secured or passively received benefit that it would be unconscionable for him to retain).[4]

With respect to the sanctions order, Rule 11 provides: "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such

---

[4] Ironically, it appears that the Egnatoviches have been unjustly enriched by free use of the sewer.

conduct or comparable conduct by others similarly situated. [T]he sanction may consist of, or include, ... if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. Pro. 11(c)(2). We review for abuse of discretion the initial decision to impose sanctions as well as the specifics of fee awards. See Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988). In this case, we see no error in the District Court's decision to impose fee sanctions upon the Egnatoviches. The District Court properly found that the Egnatoviches' amended complaint violated Rule 11, because they ignored the outcome of the state court actions, and the reasons why they lost in state court. There simply was no legal or factual basis for this additional, stale lawsuit. The District Court properly found that the Egnatoviches filed the lawsuit in bad faith and for the purpose of harassment, and that they resorted to federal court in an impermissible attempt to collaterally attack validly obtained state court judgments.

Although district courts may impose the sanction of attorneys fees, the total amount of the sanction must be guided by equitable considerations. Id. at 195. We have emphasized that the main purpose of Rule 11 is to deter, not to compensate. DiPaolo v. Moran, 407 F.3d 140, 146 (3d Cir. 2005). District courts are required to consider mitigating factors, particularly the offending party's ability to pay, id.; see also Doering, 857 F.2d at 195-96, but, in the end, the primary purpose of the Rule 11 sanction should be

8

to deter the Egnatoviches from filing anymore litigation of a harassing nature, see Zuk v. Eastern Pa. Psychiatric Inst. of Med. Coll. of Pa., 103 F.3d 294, 299 (3d Cir. 1996). We find it not insignificant that the record discloses that the Egnatoviches have a home and property, and, importantly, they have not disputed the reasonableness of the specific amount of the $5,034.34 sanction. Furthermore, the District Court appropriately concluded that they had no business bringing this case in federal court. Accordingly, we see no abuse of discretion with respect to the specific amount of the sanction imposed.

We will affirm the orders of the District Court dismissing the amended complaint as to all defendants, and the order imposing sanctions in the amount of $5,034.34. The appellee Greenfield Township Sewer Authority's Rule 38, Fed. R. App. Pro., motion for sanctions on appeal in the amount of $1,500 is granted.