DLD-176                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1055
_____

PETER R. EGNOTOVICH; STELLA EGNOTOVICH,
and their marital community,

Appellants

v.

GREENFIELD TOWNSHIP SEWER AUTHORITY, et al;
PAYNE CONSTRUCTION CO., et al; PENN EAST ENGR., et
al; GREENFIELD TOWNSHIP, et al.; FRATERNAL ORDER
OF POLICE; HARRY T. COLEMAN; ABRAHAMSEN,
MORAN & CONABOY; JAMES MUNLEY; FEDERAL
JUDGE VANASKIE; EDWIN KOSIK; FEDERAL JUDGE
CONABOY; BRUCE EVANS; RICHARD JULIA; TERRANCE
NEALON; WILLIAM P. NEALON; PATRICIA CORBETT;
CARMEN MINORA; S. JOHN COTTONE; ERNIE PREATE,
Jr.; PAUL WALKER; PETER POVANDA; GERALD RUSEK;
LORRAINE RUSEK; ESTATE OF JOSEPH RUSEK; PAUL
FORTUNER; JOHN CERRA; JAMES GARDNER COLLINS;
DOROTHY RUSEK TROTTER; CARLON M. O'MALLEY,
JR.; LACKAWANNA COUNTY POLITICAL SUBDIVISION
OF THE COMMONWEALTH OF PENNSYLVANIA; THE
COMMONWEALTH OF PENNSYLVANIA; TODD
O'MALLEY; JERRY LANGAN; ANDY JARBOLA; TOM
DUBAS; DETECTIVE ROBERT MAZZONI; PAUL
MAZZONI; ED RENDELL; GENE TALERICO; MARY
MCANDREW; AMELIA NICOLE; WANDA HALLADAY;
LAURA BOYNARSKY; WALTER CASPER, JR.;
LACKAWANNA CO. COURT ADMINISTRATOR, et al;
JOHN DOES 1-150; ESQ. JOHN Q. DURKIN; DAVID
KLEPADLO; CARL SHINER; PENNSYLVANIA STATE
POLICE; JOSEPH KOSIEROWSKI, Trooper; TROOPER
BOOS; JOSEPH MINELLI; MICHAEL BARRESSE, ESQ.;
CHESTER T. HARHUT; GEORGE BELL, JR.; JOSEPH
SLEBODNIK; DOUGLAS CLARK; KEVIN O'HARA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-01818)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2010

Before:   FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: April 29, 2010)

_____

OPINION

_____

PER CURIAM

Appellants Peter and Stella Egnotovich commenced a civil action pro se in United

States District Court for the Middle District of Pennsylvania, seeking money damages and

declaratory and injunctive relief from the Greenfield Township Sewer Authority, among

other defendants.  The action, the latest chapter in a decades-long saga of litigation, was

dismissed under Federal Rule of Civil Procedure 12(b)(6) and the defendants moved for

Rule 11, Fed. R. Civ. Pro., sanctions.[1]  On September 14, 2006, the District Court

_____

[1] The Egnotoviches refused to pay sewer fees and a collection action was commenced
against them by the Sewer Authority.  The Egnotoviches maintained they never signed a
sewer easement and disputed the authenticity of Peter Egnotovich's signature on a
document titled "Easement and Right-of-Way Agreement" that was executed over twenty

2

awarded Rule 11 sanctions in the form of attorneys fees to Greenfield Township in the amount of $5,034.34. The Egnotoviches appealed, and we dismissed the appeal for lack of appellate jurisdiction as premature. On July 7, 2007, the District Court held the Egnotoviches in contempt for failure to pay the sanctions and ordered them to pay the full amount within sixty days. The Egnotoviches appealed, and we affirmed the District Court's orders dismissing the amended complaint and the Rule 11 order imposing sanctions in the amount of $5,034.34. See Egnotovich v. Greenfield Township Sewer Auth., 304 Fed. Appx. 94, 98 (3d Cir. 2008) ("The District Court properly found that the Egnotoviches filed the lawsuit in bad faith and for the purpose of harassment, and that they resorted to federal court in an impermissible attempt to collaterally attack validly obtained state court judgments.").[2]

About eight months after we affirmed, the Sewer Authority moved in the district court for enforcement of the Rule 11 sanctions order, contending that the Egnotoviches had failed to pay any portion of the $5,034.34. The District Court held a hearing on the enforcement motion at which the Egnotoviches appeared. The court observed that the Egnotoviches had not even attempted to make payments on the Rule 11 sanctions order. N.T., 12/2/09, at 4-5. Mrs. Egnotovich conceded that point, see id. at 5, and then improperly tried to reargue the merits of the underlying easement dispute, see Halderman

years ago.

[2] We also granted the Sewer Authority's Rule 38, Fed. R. App. Pro., motion for sanctions on appeal in the amount of $1,500.

3

v. Pennhurst State School & Hospital, 673 F.2d 628, 637 (3d Cir. 1982) (it is settled that underlying order may not be called into question in post-judgment civil contempt proceeding).

At the conclusion of the hearing, the Egnotoviches were found in contempt. See N.T., 12/2/09, at 17-18. They were given the opportunity to purge themselves of contempt by (1) making a payment of $150.00 by January 13, 2010, see id. at 13-14; and (2) agreeing to seek financing from a commercial lender by December 31, 2009 in order to pay the remainder of the $5,034.34, see id. at 14. The Egnotoviches stated at the hearing that their home is worth $100,000, and they have a home equity loan of $33,000, which is current. N.T., 12/2/09, at 7. Accordingly, the District Court reasoned that, because they have equity in their home, they should be able to finance a loan in the amount of $5,000. If they were unable to obtain financing, they would have to give a mortgage on their property to the Sewer Authority, see id. at 14.

The District Court issued an order, entered on December 3, 2009, granting the motion for enforcement and finding the Egnotoviches in contempt of the September, 2006 Order awarding Rule 11 sanctions in the amount of $5,034.34. In accordance with an agreement reached during the enforcement hearing, the Egnotoviches would purge themselves of contempt by: (1) paying $150.00 by January 13, 2010; and (2) "expressly follow[ing] the agreement made on the record at the December 2, 2009 hearing," or else they would have to surrender to the custody of the U.S. Marshal at a time and place to be

4

determined.  The District Court also denied a motion for appointment of counsel previously filed by the Egnotoviches.  The Egnotoviches filed a notice of appeal from the orders finding them in contempt and denying them counsel.

Our Clerk granted them leave to appeal in forma pauperis and advised that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  The Egnotoviches were invited to submit a written response, but they have not done so.  They have filed a motion for appointment of counsel on appeal.  The Sewer Authority has filed a Rule 38, Fed. R. App. Pro., motion for damages and costs, seeking attorneys fees in the amount of $1,500.00.

We will summarily affirm the orders of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  We have jurisdiction over the post-judgment orders under 28 U.S.C. § 1291.[3]  A civil contempt order is designed to be coercive; the contemnor need only comply with the order to avoid being jailed.  See Chadwick v. Janecka, 312 F.3d 597, 608 (3d Cir. 2002) (citing Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 441-42 (1911)).  Accordingly, a

---

[3] Where a contemnor complies with all aspects of a contempt order and thus purges himself of contempt, the contempt order is moot and unreviewable.  McDonald's Corp. v. Victory Investments, 727 F.2d 82, 85 (3d Cir. 1984).  Following taking this appeal, the Egnotoviches made the $150.00 payment, according to items subsequently submitted in the district court, but there is no indication that they have either obtained financing to cover the remainder of the sanctions or given the Sewer Authority a security interest in their property.  Accordingly, it does not appear that the appeal is moot, and the parties have not advised us that the appeal is moot.

5

party's complete financial inability to comply with an order to pay sanctions is a defense to a charge of civil contempt. See Hicks v. Feiock, 485 U.S. 624, 638 n.9 (1988). The alleged contemnor bears the burden of producing evidence of his inability to comply with the sanctions order. See United States v. Rylander, 460 U.S. 752, 757 (1983).

The Egnotoviches failed to show a complete inability to pay the sanctions. The record establishes that they have sufficient equity in their home to be able to pay the sanction in installments, they are current on their existing home equity loan, and an installment plan was acceptable to the Sewer Authority. The Egnotoviches had the burden of coming forward in the contempt proceeding with evidence that they made reasonable efforts to comply with the sanctions order, see United States v. Millstone Enterprises, Inc., 864 F.2d 21, 23 (3d Cir. 1988) (citing Halderman, 864 F.2d at 23), but they made no such effort, and thus a finding that they were in contempt was proper. The District Court properly determined that they were not entitled to appointment of counsel.

For the foregoing reasons, we will summarily affirm the orders of the District Court finding the Egnotoviches in contempt for failing to pay the Rule 11 sanctions and denying their motion for appointment of counsel. The appellants' motion for appointment of counsel on appeal and the Sewer Authority's Rule 38 motion are both denied.